Battle J.
This was an indictment for a forcible entry at common law, and after a verdict finding the defendant guilty, the judgment was • arrested in the Court below, because there was no allegation in the indictment, that the owner of the house was present at the time of the entry, and, though it was alleged that one Mary Bell was present, there was no allegation1 that she was in 1 possession of the house, nor that she was a member of the prosecutor’s family or had any right, to forbid the entry of the defendant. The counsel who has1 appeared for the State in this Court, has endeavored to avoid the force of this objection to the indictment, by contending that “house” ex vi termini means dwelling house, and that at common law a forcible entry into a dwelling house is a misdemeanor, whether the owner be present or not. In support of the latter- part of his proposition he referred to and relied upon 1 (Hawk, PI. Cr. Book 1, ch. 28, sec. 26. It is unnecessary, for us to decide this question, because we do not assent to the position that a •'e house means ex vi termini a ‘ ‘ dwelling house. ’ ’
The law takes notice of different kinds of houses and distinguishes dwelling houses by giving them the pre-emi-nence above all others. Thus at common law, nocturnal breaking of a dwelling house is an offence of a higher grade than injury of a similar, kind to other- houses is held to be, Indietments(for burglary must charge the houses broken to .be a dwelling house, and it would be a fatal defect in the bill to describe it merely as “a house." So we think that if it be as is contended that a. forcible entry into a dwelling house in the absence of the owner and his family,.is an indictable offefice, the indictment must allege the house .to be a dwelling house. Were it otherwise, the indictment would not have that certainty as to facts and circumstances, which is necessary to apprise the defendant oí what is charged against him so that he may know how to prepare his de-fence, Arch. Cr. PI. 41. - ■
*248 The1 indictment in the present case cannot then be supported as one for a forcible entry into the dwelling house of the prosecutor. Being an indictment for a forcible entry into a house other than the dwelling house, it ought to have charged that the offence was committed in the presence of the prosecutor, or, at lenst, of some member of his family, State vs. McCanless, 6 Ired., Rep. 375; State vs. Walker, 10 Ired., Rep. 234; State vs. Caldwell, 2 Jones, 469. Here the indictment does not charge the presence of the prosecutor, nor of any person who is stated to be a member of his family. It is, therefore,' defective and insufficient. But it is contended by the counsel for the State that it is aided by the Rev. Code, ch-. 35, sec. 14. That act was passed for the purpose of putting an end to objections founded upon mere informalities and refinements. The answer to this is that, the defects in this indictment are matters of substance, for the Court cannot discover irom the indictment that the liouse, into which the illegal entry was made, was the dwelling house of the prosecutor, nor that Mary Bell was his wife, daughter or other member of bis family, having a righf to forbid the entry of the defendant,
Let it be certified to the Court below that there is no error in the record.